**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Ahmed Ismail and Lisa Barrow | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:17-cv-00278 |
| v. | § | |
| | § | |
| Volvo Group North America, LLC d/b/a Volvo | § | |
| Trucks North America, | § | JURY |
| | § | |
| Defendant. | § | |

## DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant VOLVO GROUP NORTH AMERICA, LLC ("Volvo"), erroneously sued as "Volvo Group North America LLC d/b/a Volvo Trucks North America," files this Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, and would respectfully show the Court as follows:

### SUMMARY OF THE ARGUMENT

The Plaintiffs Ahmed Ismail and Lisa Barrow ("Plaintiffs") have alleged causes of action based on a design defect and a manufacturing defect with respect to a vehicle driven by the Plaintiff Ahmed Ismail. In products liability cases, Texas law requires expert testimony to prove design defects and manufacturing defects. The Defendant Volvo has filed a motion to exclude the only expert witness presented by the Plaintiffs. Upon the exclusion of the Plaintiffs' lone expert witness, the Plaintiffs will have no expert testimony to prove their causes of action. Summary judgment on behalf of the Defendant Volvo will therefore be appropriate with respect to these causes of action.

## FACTUAL BACKGROUND

1. This case involves a single-vehicle accident that occurred near the City of Corpus Christi, Texas, on or about February 22, 2016. The Plaintiff Ahmed Ismail was the driver of the vehicle. Although Plaintiff Ahmed Ismail began to receive workers' compensation benefits, Plaintiffs have also alleged products liability causes of action based on a defective design and a manufacturing defect. *See* D.E. 18; *see also* Tex. Civ. Prac. & Rem. Code § 82.001 *et seq.*

2. Plaintiffs assert that "Mr. Ismail leased a 2016 model year truck-tractor from Anderson Trucking Service, Inc. ("ATS") . . . and drove this truck-tractor in his business prior to his motor vehicle accident." D.E. 18, at ¶ 7. Plaintiffs claim that the accident in question occurred "when the steer axle became dislodged from the suspension mounting interface on the left side causing the steer axle to move rearward, forcing the truck to turn left, and rendering it incapable of being controlled." *Id.*

3. Plaintiffs plead that Mr. Ismail's vehicle was subject to an Urgent Volvo Safety Recall (16V-097000), but their liability expert—Mr. Lance Watt—confirms that the steering shaft allegedly implicated by the recall "was not defective and did not cause or contribute in any manner to this crash and the injuries that Ismail [allegedly] suffered." *See* D.E. 21-1.

4. Otherwise, Plaintiffs plead manufacturing and design defect claims with respect to the subject vehicle, and they allegedly support those claims solely through Lance Watt's proposed opinion/testimony. D.E. 18, at ¶ 21; *see also* D.E. 21-1

5. Mr. Watt in turn identifies no design defect or safer alternative design. *See* D.E. 21-1. He instead posits a single alleged manufacturing defect theory—

> The cause of this crash and the resultant injuries to Ismail was due to an improper mechanical connection of the left side interface of

**MOTION FOR SUMMARY JUDGMENT**             **Page 2**

> the steer axle to the suspension leaf spring during initial truck manufacture, that suddenly and without prior warning failed, allowing the left side of the steer axle to slide rearward on the suspension leaf spring and resulting in a total and instantaneous loss of steering control.

*Id.*

## MOTION TO EXCLUDE EXPERT WITNESS

Concurrently with this Motion for Summary Judgment, Volvo has filed a Motion to Exclude the Proposed Expert Testimony of Lance Watt "(Motion To Exclude"). In the Motion To Exclude, Volvo requests that the Court exclude the proposed testimony of the Plaintiff's liability expert, Mr. Lance Watt. In the Motion To Exclude, the Defendant Volvo contends that the testimony of Mr. Watt should be excluded because Plaintiffs cannot prove that—(1) Mr. Watt is qualified to render his opinions or that (2) Mr. Watt's opinions and underlying methodology are reliable. See Fed. R. Evid. 702.

## TEXAS LAW REQUIRES EXPERT TESTIMONY FOR THESES CAUSES OF ACTION

Under Texas law, proof of causes of action for a defective design and a manufacturing defect require expert testimony on the part of the Plaintiff. *See Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42-43 (Tex. 2007); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006); *Nissan Motor Co. v. Armstrong,* 145 S.W.3d 131, 137 (Tex. 2004); *Champion v. Great Dane Ltd. P'ship*, 286 S.W.3d 533, 538 (Tex. App.--Houston [14[th] Dist.] 2009, no pet.); *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 410-11 (Tex. App. –Tyler 2008, no pet.). If the Court grants the Motion To Exclude, the Plaintiffs will lack expert testimony, an essential component of the proof needed to present their causes of action. Without this necessary proof from the Plaintiffs, summary judgment in favor of the Defendant will be appropriate as to the causes of action for a design

**MOTION FOR SUMMARY JUDGMENT**                                                            Page 3

defect and a manufacturing defect. *See Sims*, 839 F.3d at 409 (Summary judgment was correctly granted under Texas law when plaintiffs' expert testimony was excluded, because plaintiffs could not raise genuine issues concerning key elements of products liability claim.).

In this action the Plaintiff has alleged diversity of citizenship as the basis for federal jurisdiction. *See* D.E. 18, at ¶ 1. The Plaintiff has not alleged any federal law or federal statutes as the basis for federal jurisdiction. *See* D.E. 18. Texas law is therefore applicable to the causes of action alleged in this case.

## LOSS OF CONSORTIUM

The Plaintiff Lisa Barrow has also alleged a cause of action for loss of consortium. *See* D.E. 18, at ¶ 40. Under Texas law, loss of consortium is a derivative claim that is based on the claim of the injured spouse. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 217 (Tex. 1999); *DeGrate*, 261 S.W.3d at 412. Because the claim of Ahmed Ismail fails in this case, the derivative claim of Lisa Barrow for loss of consortium also fails. *See Brewerton*, 997 S.W.2d at 217; *DeGrate*, 261 S.W.3d at 412.

## CONCLUSION

If the Court grants the Motion To Exclude, Plaintiffs will lack the necessary expert testimony under Texas law to prove their causes of action for a design defect and manufacturing defect. In addition, the derivative claim for loss of consortium will also fail. Summary judgment in favor of the Defendant Volvo would therefore be appropriate on these causes of action.

**THEREFORE**, Defendant VOLVO GROUP NORTH AMERICA, LLC, respectfully requests that, if this Court grants Volvo's Motion to Exclude Lance Watt's proposed testimony,

the Court in turn also GRANT this Motion for Summary Judgment and DISMISS in all respects Plaintiffs' causes of action against the Defendant VOLVO GROUP NORTH AMERICA, LLC.

        Respectfully submitted,

        **HARTLINE DACUS BARGER DREYER LLP**

        */s/Darrell L. Barger*
        Darrell L. Barger (*Attorney in charge*)
        State Bar No. 01733800
        Fed. ID 646
        J. Reid Simpson
        State Bar No. 24072343
        Fed. ID 1259919
        Noe Reyna
        State Bar No. 16794840
        Fed. ID 7596
        One Shoreline Plaza
        800 North Shoreline Blvd.
        Suite 2000, North Tower
        Corpus Christi, Texas 78401
        (361) 866-8000
        (361) 866-8039 (fax)
        dbarger@hdbdlaw.com
        rsimpson@hdbdlaw.com
        nreyna@hdbdlaw.com

        **AND**

        Larry D. Grayson
        State Bar No. 08342900
        Fed ID 8336
        8750 N. Central Expressway
        Suite 1600
        Dallas, Texas 75231
        (214) 346-3719
        (214) 267-4219 (Fax)
        lgrayson@hdbdlaw.com

        **Attorneys for Volvo Group North America, LLC, erroneously sued as "Volvo Group North America LLC d/b/a Volvo Trucks North America"**

**Certificate of Service**

      The undersigned counsel certifies that on this <u>1st </u>day of May 2018, Volvo forwarded a true and correct copy of the foregoing Motion to counsel of record listed below in accordance with the Federal Rules of Civil Procedure.

**<u>VIA CM/ECF SERVICE</u>**
Richard C. Angino
ANGINO LAW FIRM, P.C.
4503 N. Front Street
Harrisburg, PA 17110

Robert J. Sigler
BANDAS LAW FIRM, P.C.
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, Texas 78471

                                                  */s/Darrell L. Barger*
                                                  Darrell L. Barger