# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

| | |
|---|---|
| AHMED ISMAIL AND LISA BARROW, husband and wife | § § § |
| Plaintiffs | § § |
| v. | § CIVIL ACTION NO. 2:17-CV-00278 § |
| VOLVO GROUP NORTH AMERICA, LLC d/b/a VOLVO TRUCKS NORTH AMERICA | § § § § § |
| Defendant | § |

## PLAINTIFFS' RESPONSE TO VOLVO GROUP NORTH AMERICA, LLC'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs file this Response to Volvo Group North America, LLC's Motion for Summary Judgment, respectfully showing this Court the following:

## SUMMARY OF THE ARGUMENT

This case involves a product liability action resulting from a manufacturing defect in Mr. Ismail's Volvo manufactured truck-tractor that caused a serious accident involving substantial injuries. Plaintiffs hired a well-qualified heavy truck and bus expert, Lance Watt, to opine regarding the cause of the accident.

Defendant's Motion for Summary Judgment relies solely on its Motion to Exclude Lance Watt. Since Lance Watt is well-qualified and used a reliable methodology, as briefed in Plaintiffs' Response to Volvo's Opposed Motion To Exclude The Proposed Expert Testimony Of Lance Watt., Defendant's Motion for Summary Judgment should be denied.

## FACTUAL BACKGROUND

1. This case involves an accident caused by a manufacturing defect in Mr. Ismail's Volvo manufactured truck-tractor.

2. The cause of the crash was due to an improper mechanical connection of the left side interface of the steer axle to the suspension leaf spring during initial truck manufacture, that suddenly and without prior warning failed, allowing the left side of the steer axle to slide rearward on the suspension leaf spring and resulting in a total and instantaneous loss of steering control. **Exhibit B** to *Plaintiffs' Response To Volvo Group North America, Llc's Opposed Motion To Exclude The Proposed Expert Testimony Of Lance Watt.*

3. Mr. Ismail's truck-tractor was subject to a recall, however, Mr. Watt properly identified that his truck-tractor did not contain the defect that was subject to the recall. Rather, Mr. Ismail's accident was caused by the manufacturing defect listed in averment 2. *Id.*

4. Lance Watt is a source of Plaintiffs' evidence in support of their claims, however, he is by no means their only source of evidence to support their claims.

5. Mr. Watt was able to pinpoint the manufacturing defect present in Mr. Ismail's truck-tractor while simultaneously ruling out another potential cause of the accident.

## MOTION TO EXCLUDE EXPERT WITNESS

Concurrently with this Response, Plaintiffs' filed their Response to Volvo's Opposed Motion To Exclude The Proposed Expert Testimony Of Lance Watt. In their Response, Plaintiffs' explain exactly how Mr. Watt is well-qualified and used a reliable methodology in forming his opinions.

## TEXAS LAW REQUIRES EXPERT TESTIMONY FOR THESE CAUSES OF ACTION

Defendant bases its argument on the idea that Texas Law requires expert testimony for manufacturing defect cases. Plaintiffs, however, have produced a heavy truck and bus expert. As briefed in Plaintiffs' Response to Volvo's Opposed Motion To Exclude The Proposed Expert Testimony Of Lance Watt, Mr. Watt is

well-qualified and his opinions are reliable. Both Defendant's Motion to Exclude Lance Watt and Motion for Summary Judgment should be denied.

## LOSS OF CONSORTIUM

Plaintiff Lisa Barrow's loss of consortium claim is intermingled with Plaintiff Ahmed Ismail's underlying claim. Lisa Barrow is the wife of Ahmed Ismail, and as such, she is entitled to a loss of consortium claim. Since Defendant's Motion to Exclude Lance Watt and Motion for Summary Judgment on the underlying product liability claim should both be denied, Defendant's Motion for Summary Judgment on the loss of consortium claim should also be denied.

## CONCLUSION

Plaintiffs have hired a well-qualified heavy truck and bus expert who formed a reliable opinion as to the cause of the accident. He opined that the accident was caused by a manufacturing defect. This is sufficient evidence in it of itself to deny the Motion for Summary Judgment.

**THEREFORE**, Plaintiffs respectfully request that the Court DENY Volvo's Motion for Summary Judgment.

Respectfully submitted,

ANGINO LAW FIRM, P.C.

by: */s/ Richard C. Angino, Esquire*
Richard C. Angino, Esquire
(admission *pro hac vice*)

PA I.D. No. 07140
4503 N. Front Street
Harrisburg, PA 17110
P: (717) 238-6791
Email: rca@anginolaw.com
Attorney for Plaintiffs
Attorney-in-Charge for Plaintiffs

Of counsel:
Robert J. Sigler, Esquire
Federal ID No. 12586
Texas Bar No. 18347750
Bandas Law Firm, P.C.
500 N. Shoreline Blvd, Ste 1020
Corpus Christi, Texas 78471
P: 361.698.5200
F: 361.698.5222
E-mail: rsigler@bandaslawfirm.com
Local Counsel for Plaintiffs